DECISION AND JOURNAL ENTRY
{¶ 1} Appellant Ahmed Palmer appeals from the Wayne County Court of Common Pleas, which denied his motion to suppress evidence. We affirm.
 I. {¶ 2} While on routine patrol just before 1:00 a.m., police officer Quinn McConnell saw a car make an illegal left-hand turn and initiated a traffic stop. Mr. Palmer was in the front passenger seat. Patrolman McConnell asked the driver for consent to search the car, but the driver refused. Meanwhile, Patrolman Matthew Fisher had arrived with his canine unit, and began a canine sniff of the car. Upon circling the car, the dog alerted to the passenger door. The officers then searched the car and discovered cocaine, crack cocaine, ecstasy and marihuana. Mr. Palmer was arrested and charged with multiple counts of possession in violation of R.C. 2925.11. The driver of the car was given a verbal warning. According to the testimony and police log reports, the canine unit arrived at the scene approximately two minutes after the stop and the dog alerted approximately two minutes after that — allowing only a few minutes to elapse between the initiation of the stop and the discovery of the drugs.
 {¶ 3} Mr. Palmer moved to suppress the evidence, and the trial court denied the motion. Mr. Palmer pled no contest under a plea agreement involving several other charges and an agreed sentence. The court accepted his plea and found him guilty. Afterwards, Mr. Palmer timely appealed the denial of the motion to suppress, asserting one assignment of error.
 II. Assignment of Error
"THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS."
 {¶ 4} Mr. Palmer asserts that the trial court erred by admitting the seized evidence, in that the search violated his Fourth Amendment rights. We disagree.
 {¶ 5} A motion to suppress evidence under the Fourth Amendment involves mixed questions of law and fact. Ornelas v. United States
(1996), 517 U.S. 690, 696-97, 134 L.Ed.2d 911; State v. Booth,151 Ohio App.3d 635, 2003-Ohio-829, at ¶ 12. Therefore, this Court grants deference to the trial court's findings of fact, but conducts a de novo review of whether the trial court applied the appropriate legal standard to those facts. Id. In this case, the facts are generally undisputed: a traffic violation occurred, the officer initiated a justifiable traffic stop, and the entire encounter lasted no more than a few minutes.
 {¶ 6} However, Mr. Palmer contends that Patrolman McConnell initiated the stop merely as a pretext to investigate Mr. Palmer and needlessly prolonged the detention until the canine unit could arrive, thereby undertaking an unjustified search for illegal drugs. Mr. Palmer citesState v. Robinette (1997), 80 Ohio St.3d 234, for the proposition that a police officer, upon making a routine traffic stop, may not call for a canine unit unless that officer has a reasonable and articulable basis for calling the canine unit. However, this interpretation of Robinette is unsupportable. Robinette considered whether the police officer was "objectively justified, under the circumstances, in detaining [Mr.] Robinette after administering the verbal warning?" Id. at 240. Robinette
does not address whether or upon what circumstances a police canine unit may be called to the scene.
 {¶ 7} In the present case, it is undisputed that the officer initiated a justifiable traffic stop, and that the entire course of events lasted no more than a few minutes. That is, the canine officer arrived on the scene approximately two minutes after the stop and the canine alerted approximately two minutes after his arrival — while Patrolman McConnell was reviewing the driver's license and registration. Issuance of a verbal warning similarly requires a few minutes, and in the present case, the canine alerted before completion of the verbal warning. These circumstances are not forbidden by the Fourth Amendment. See State v.Ray, 9th Dist. No. 03CA0062-M, 2004-Ohio-3412, at ¶¶ 12-16 (analyzing a similar detention and traffic sniff). See, also, Illinois v. Caballes
(2005), 125 S.Ct. 834, 838, 160 L.Ed.2d 842 (upholding the propriety of canine sniffs during traffic stops).
 {¶ 8} We find that the police took no action to improperly detain Mr. Palmer or prolong the encounter, and that this canine sniff was not prohibited by the Fourth Amendment. Therefore, the trial court did not err in denying the motion to suppress. Mr. Palmer's assignment of error is overruled.
 III. {¶ 9} Mr. Palmer's assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J. Carr, J. concur